# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| RAMON CORNELIO LOPEZ-FELIX, | CASE NO. 09 CV 2104 JM |
|---|---|
| Petitioner-Defendant, | CRIM. NO. 08 CR 1429 JM |
| vs. | **ORDER DENYING MOTION TO REDUCE SENTENCE PURSUANT TO 28 U.S.C. § 2255** |
| UNITED STATES OF AMERICA, | |
| Respondent-Plaintiff. | Doc. No. 22 |

Petitioner-Defendant Ramon Cornelio Lopez-Felix ("Lopez-Felix") moves pursuant to 28 U.S.C. § 2255 for a reduction of his sentence. (Doc. No. 22). Following a guilty plea for importation of methamphetamine in violation of 21 U.S.C. §§ 952 and 960, this court sentenced Lopez-Felix to 48 months imprisonment on August 29, 2009. The government filed an opposition to Lopez-Felix's motion. (Doc. No. 26). Because "the files and records of the case conclusively show that the prisoner is entitled to no relief," the court hereby DENIES Defendant's motion without a hearing. 28 U.S.C. § 2255(b).

**I.  BACKGROUND**

On May 27, 2008, pursuant to a signed plea agreement, Lopez-Felix pled guilty to one count of importing approximately 24.15 kilograms of methamphetamine into the United States, in violation of 21 U.S.C. §§ 952 and 960. (Doc. No. 26, Ex. 2, Plea Agreement, hereinafter "PA", at 2). In the plea agreement, the government and Lopez-Felix agreed that, while not binding on the court, the

government would recommend a total offense level of 31 under the Sentencing Guidelines. (PA at 8). Furthermore, Lopez-Felix agreed to waive his right to appeal and collaterally attack the conviction and sentence. (PA at 10).

This court sentenced Lopez-Felix on August 29, 2008. (Doc. No. 26, Ex. 7, Transcript of Sentencing, hereinafter "TS"). In combination with the offense level reductions recommended by the government, the court reduced the total offense level to 25 based on Lopez-Felix's minor role. (TS at 12-13). The court then granted a two-level downward departure, yielding a total offense level of 23 and a recommended sentence of 46 to 57 months. (TS at 17). The court imposed a 48 month sentence. (TS at 17).

**II.  DISCUSSION**

**A.   Waiver of Collateral Attack**

In his plea agreement, Lopez-Felix waived his right to appeal or collaterally attack his conviction or sentence:

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, including any restitution order, unless the Court imposes a custodial sentence above the greater of the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing or statutory mandatory minimum term, if applicable.

(PA at 10). This waiver is valid, and prevents Lopez-Felix from attacking his sentence via 28 U.S.C. § 2255. *See United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993); *United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990).

**B.   Ineffective Assistance of Counsel**

Even if Lopez-Felix had not waived his right to appeal or collaterally attack his conviction and sentence, his section 2255 motion would still fail. Lopez-Felix appears to allege that he received ineffective assistance of counsel regarding his sentencing. (Doc. No. 22). In particular, Lopez-Felix claims that he did not receive a reduced sentence—as his attorney said he would—for cooperating with the government. (Doc. No. 22).

To sustain an ineffective assistance of counsel claim, Lopez-Felix must demonstrate that (1) his attorney's representation fell below objectively reasonable standards and (2) Lopez-Felix suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 690-92 (1984). Lopez-Felix, however,

can show neither.

According to Lopez-Felix's own assertions and the record in this case, Lopez-Felix's attorney provided accurate and reasonable advice. Lopez-Felix claims that he was told that he would receive a reduced sentence for cooperating with the government. (Doc. No. 22). And according to the plea agreement and sentencing transcript, that is exactly what happened. The plea agreement shows that the government recommended a reduced sentence—pursuant to the "safety valve"—precisely because Lopez-Felix cooperated with the government. (PA at 8; *see also* Doc. No. 26, Ex. 5). Therefore, Lopez-Felix's attorney's conduct—which was accurate and beneficial to his client—did not fall below an objectively reasonable standard.

Moreover, Lopez-Felix does not demonstrate any prejudice he suffered because of his attorney's alleged ineffectiveness. Lopez-Felix received only a 48 month sentence for importing approximately 24.15 kilograms of methamphetamine. If not for his cooperation with the government and his attorney's successful arguments for downward departures, Lopez-Felix potentially faced a 70-87 month sentence. *See* U.S. Sentencing Guidelines Manual § 2D1.1. Therefore, Lopez-Felix cannot demonstrate a violation of his Sixth Amendment right to effective assistance of counsel, and his motion for a reduced sentence should be denied.

**IV.    CONCLUSION**

For the foregoing reasons, Defendant's motion under 28 U.S.C. § 2255 is hereby DENIED.

**IT IS SO ORDERED.**

DATED: January 19, 2010

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:         All parties